UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THE PARISH OF ST. BERNARD** | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | **JUDGE** |
| **ATLANTIC RICHFIELD COMPANY, ET AL.** | * | **MAGISTRATE** |
| | * | |

## DEFENDANTS' NOTICE OF REMOVAL

7775606_1

On September 29, 2016, the Parish of St. Bernard (the "Parish") filed a Petition for Damages to the St. Bernard Parish Coastal Zone in the 34th Judicial District Court for the Parish of St. Bernard (the "Petition"). The next day, the Parish of St. Bernard filed is First Amended and Restated Petition for Damages. Without waiving any of their jurisdictional and other defenses, Defendants, Chevron U.S.A. Inc., Union Oil Company of California ("UNOCAL"), ConocoPhillips Company, and Atlantic Richfield Company, respectfully remove this civil action from the 34th Judicial District Court of the Parish of St. Bernard to the United States District Court for the Western District of Louisiana.

## INTRODUCTION

The Parish's lawsuit asks a state court to preside over what it views as a referendum on a century of oil and gas activity in St. Bernard Parish's coastal zone.[1] Although the Parish says there is no role for the federal government or court system in this process, the Parish cannot avoid the fact that Defendants' oil and gas activities are a critical component of the nation's energy security and intersect with federal issues across multiple dimensions.

For example, the challenged activities, which span a large swath of St. Bernard Parish, include the dredging and maintenance of navigable waterways and transportation of minerals to and from the Outer Continental Shelf. The Parish's Petition also raises federal questions relating to the federal permits it identifies and remedies it seeks. This case seeks a profound and unprecedented alteration of federal energy policy and the careful federal-state balance of

---

[1] *See, e.g.*, *Board of Comm'rs of the Se. La. Flood Protection Auth. v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808, 862 (E.D. La. 2014) (order denying remand) ("While Plaintiff may not be expressly challenging a specific action of a federal agency, the breadth of Plaintiff's claims amounts to a collateral attack on an entire regulatory scheme…. Plaintiff's claims are premised on the notion that this regulatory framework provides inadequate protection for the residents of southeastern Louisiana, and through this litigation, Plaintiff seeks to have the entire oil and gas industry compensate residents for the shortfall.").

1

regulatory oversight of Louisiana's coastal zone. This Court has jurisdiction under general maritime law, the Outer Continental Shelf Lands Act ("OCSLA"), and under 28 U.S.C. § 1331.

## REMOVAL PREREQUISITES

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because this case satisfies all prerequisites of removal, it belongs in federal court.

*Venue*. This notice of removal is properly directed to this Court pursuant to § 1441 because this Court is "the district court of the United States for the district and division" within which the state court Petition is pending. *See* 28 U.S.C. § 98(a).

*State Court Record*. Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit 1 a copy of all process, pleadings, and orders in this action and available in the state court record.

*Notice of Removal is Timely*. Defendants were served with this Petition no earlier than October 12, 2016. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

*Consent*. Defendants have obtained all necessary consents to removal pursuant to 28 U.S.C. § 1446. A list of consents is attached as Exhibit 2, with the written consents attached thereto, *in globo*.

*Service*. Undersigned counsel certifies that, promptly after the filing of this Notice of Removal, copies of the Notice will be served on opposing counsel and filed with the Clerk of Court of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to effect the removal of the state court action. 28 U.S.C. § 1446(d).

*Grounds for Removal.* This case is removable because the Parish's claims (1) are subject to maritime jurisdiction, (2) are subject to OCSLA jurisdiction, and (3) raise federal questions.

**GROUNDS FOR REMOVAL**

**I.      The Parish's claims are subject to maritime jurisdiction.**

"A federal court's authority to hear cases in admiralty flows initially from the Constitution, which 'extend[s]' federal judicial power 'to all Cases of admiralty and maritime Jurisdiction.'" U.S. Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts 'original jurisdiction [over] . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .'" *Id.* (citing 28 U.S.C. § 1333(1)).

Here, many of the injuries alleged by the Parish have allegedly occurred and continue to occur on navigable waters. For example, the Parish asserts that Defendants' allegedly unlawful conduct stems in large part from "the dredging of numerous canals in, through, and across the Operational Area." Pet. ¶ 25. Because these canals are part of a network of navigable waterways through the lands at issue, this case implicates traditional maritime activities and belongs in federal court. Moreover, whereas in prior coastal lawsuits, Jefferson and Plaquemines Parishes explicitly disclaimed maritime claims, the Parish's Petition here includes no such disclaimer. *See id.* ¶ 33.

Defendants recognize that the legal basis of this removal ground is unsettled: there is a well-defined split in authority regarding whether Congress's recent amendments to 28 U.S.C. § 1441 allow general maritime cases to be removed to federal court. Some courts have found that, despite the amendments to § 1441, general maritime cases cannot be removed. *See, e.g., Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp. 3d 872, 898–

900 (E.D. La. 2014); *Plaquemines Parish v. Rozel Operating Co.*, 2015 WL 403791, at *4 (E.D. La. 2015). Other courts in this Circuit, however, have taken the opposite view that Congress's recent amendments to 28 U.S.C. § 1441 *do allow* general maritime cases to be removed to federal court. *See, e.g. Carrigan v. M/V AMC Ambassador*, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D. La. Nov. 19, 2013) (adopting report and recommendations). Likewise, the only federal appellate court to address the issue held that § 1441 allows general maritime cases to be removed. *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015).[2] And notably, as one of the alternative grounds of federal jurisdiction, the removability of general maritime claims currently is before the Fifth Circuit in *Board of Commissioners of the Southeast Louisiana Flood Protection Authority—East, et al v. Tennessee Gas Pipeline Company, LLC, et al*, No. 15-30162 (5th Cir.). This split in authority reflects disagreement among respected jurists on an important question of federal law. Therefore, removal is appropriate and, ultimately, appellate guidance is necessary. *See Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 Fed. App'x 443, 445 (2015) (removal of maritime claims is "objectively reasonable" because removability of maritime claims is a "hotly contested and unresolved" issue).

II.     **The Parish's claims are subject to federal OCSLA jurisdiction.**

Removal is proper under 43 U.S.C. § 1349(b)(1) and 28 U.S.C. § 1441(a) because this action arises "in connection with" oil and gas operations conducted on the Outer Continental Shelf. OCSLA provides that "the subsoil and seabed of the outer Continental Shelf appertain to the United States and are subject to its jurisdiction, control, and power of disposition." 43 U.S.C. § 1332(1). In turn, OCSLA provides for exclusive federal question jurisdiction over the Outer

---

[2] Although *Lu Junhong* did not address the effect of the "saving-to-suitors" clause of 28 U.S.C. § 1333, the Fifth Circuit has found that that the "saving-to-suitors" clause does not guarantee a state-court forum. *See Tenn. Gas Pipeline v Hous. Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

Continental Shelf by extending "[t]he Constitution and laws and civil and political jurisdiction of the United States . . . [to the Outer Continental Shelf] and all installations and other devices permanently or temporarily attached to the seabed . . . for the purpose of exploring for, developing, or producing resources therefrom." 43 U.S.C. § 1333(a)(1). A plaintiff need not expressly invoke OCSLA for it to provide a basis for federal jurisdiction. *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988).

Here, the Parish's Petition alleges broadly that Defendants operated "drilling and production sites"—including "numerous oil and gas wells," canals, and pipelines—in violation of Louisiana's coastal zone management laws. *See, e.g.*, Pet. ¶¶ 17, 19–25. The challenged activities involve components of the dense, highly integrated, and interconnected infrastructure relating to the Outer Continental Shelf. The Parish's allegations and the relief sought thus "aris[e] out of" and "in connection with" operations conducted on the Outer Continental Shelf, and as such, 43 U.S.C. § 1349(b)(1) grants original jurisdiction in federal court over this action. *See In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (citing *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568-69 (5th Cir. 1994)); *Barker v. Hercules Offshore Inc.*, 713 F.3d 208 (5th Cir. 2013).

Defendants recognize that courts in the Eastern District of Louisiana have previously rejected an argument similar to this one. *See, e.g.*, *Total Petrochemical*, 64 F. Supp. 3d 872 at 893–98. But given the potentially severe effect of this litigation on Defendants' Outer Continental Shelf operations, case law from this Circuit demonstrating that federal jurisdiction attaches to claims involving pipelines that transport minerals from the Outer Continental Shelf, and the fact-intensive nature of the inquiry, Defendants respectfully submit that removal is proper under OCSLA in this case.

**III.     The Parish's claims raise federal questions under 28 U.S.C. § 1331.**

This case is removable under 28 U.S.C. § 1441(b) because it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. § 1331. Federal question jurisdiction exists where a plaintiff's claim, although pled under state law, "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'r & Mfg.*, 545 U.S. 308, 314 (2005). The Fifth Circuit, applying these tenets, has held that, where the relief sought by the plaintiff cannot be granted without applying federal law, the complaint raises a federal question, despite the plaintiff's effort to proceed exclusively under state law. *See Medina v. Ramsey Steel*, 238 F.3d 674, 680 (5th Cir. 2001); *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (finding that plaintiff "implicitly" proceeded under federal law in part based on relief sought).

The Parish's Petition raises questions of federal law. For instance, the Parish alleges that Defendants violated state-issued coastal use permits ("CUPs"). But the Parish attempts to base its claims on CUP files in which the State declined to issue a CUP, relying instead on federal Army Corps of Engineers permits. The Parish's allegations in this regard—although baseless for threshold reasons because a U.S. Army Corps of Engineers permit cannot as a matter of law serve as the basis for an alleged SLCRMA violation—necessarily raise federal issues. The first *Grable* prong is satisfied.

The remaining *Grable* factors are also satisfied because the federal issues raised are "actually disputed and substantial" and can be entertained by "a federal forum . . . without

6

disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

- *Actually Disputed*. The federal issues raised in the State Court Petition are actually disputed. For example, the parties dispute whether Defendants violated federal permits and are required to perform the remediation requested.

- *Substantial*. The disputed issues in this case implicate coastal land management, national energy policy, and national economic policy—all of which are vital federal interests.

- *Federal-State Balance.* Exercising federal jurisdiction in this case would not disturb the congressionally approved balance of federal and state judicial responsibilities. There is a clear interest in making a federal forum available here.

## CONCLUSION

Defendants respectfully remove to this Court case number 16-1228, Div. A, from the 34th District Court of St. Bernard Parish, Louisiana.

Dated: November 10, 2016

Respectfully submitted,

/s/ Claire E. Juneau
**KEAN MILLER LLP**
Victor L. Gregoire (#22400)
victor.gregoire@keanmiller.com
Pamela R. Mascari  (#25162)
pam.mascari@keanmiller.com
II City Plaza
400 Convention St., Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

7

-and-

**KEAN MILLER LLP**
Michael R. Phillips (#21020)
mike.phillips@keanmiller.com
Claire E. Juneau (#33209)
claire.juneau@keanmiller.com
909 Poydras, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3951

-and-

**SUSMAN GODFREY L.L.P.**
Eric J. Mayer (#14184)
emayer@susmangodfrey.com
Alexandra White (#29478)
awhite@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666


*Attorneys for Defendants Chevron U.S.A. Inc. and Union Oil Company of California*

-and-

/s/ Deborah D. Kuchler
****
**KUCHLER POLK SCHELL WEINER & RICHESON, L.L.C.**
Deborah D. Kuchler, T.A. (#17013)
Leigh Ann Schell (#19811)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
T. 504-592-0691
F. 504-592-0697
dkuchler@kuchlerpolk.com
lschell@kuchlerpolk.com
rguidry@kuchlerpolk.com
siiams@kuchlerpolk.com

8

*Attorneys for ConocoPhillips Company*

-and-

/s/ Joe B. Norman
**LISKOW & LEWIS**
Joe B. Norman (Bar No. 8160)
jbnorman@liskow.com
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

-and-

**LISKOW & LEWIS**
George Arceneaux III (Bar No. 17442)
garceneaux@liskow.com
Brittan J. Bush (Bar No. 34472)
bjbush@liskow.com
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana  70505
Telephone: (337) 232-7424
Facsimile:  (337) 267-2399

*Attorneys for Atlantic Richfield Company*

9

**7775606_1**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2016, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by electronic mail and/or regular mail.

/s/ Claire Elizabeth Juneau_____